**A. M. SPAETH** and Lola Spaeth,
Plaintiffs,

v.

The **JOURNAL PRINTING COMPANY,**
Inc., a corporation, and William L.
Baker, Defendants.

No. A–3534.

District Court, Alaska
First Division, Ketchikan.
March 23, 1956.

ages thus sustained by it and which he wrongfully gained; and for other equitable relief. The defendant Juliet Baker has been dismissed from the action.

By answer the defendant William L. Baker admitted using certain moneys of the corporation for his own use and benefit by advances made to him shown on the books of the corporation as owing to it, with the knowledge and consent of the attorney for the corporation who was also a director, but denying any wrongful appropriation of funds or dereliction of duty; and asked that the exact amount of money due and owing to the corporation be determined by an accountant and that such be repaid on an arrangement in keeping with his ability to pay.

Upon motion for summary judgment an order was entered by Judge George W. Folta on April 15, 1955, ordering that an accounting be made, enjoining the defendant Baker from drawing or paying anything to himself other than his stipulated salary until further order of the Court, and that the corporate defendant have and recover judgment against Baker for the amount, principal and interest, shown by the accounting to be due and owing by him. An Order of Reference was entered April 25, referring the matter to Elmer G. Johnson, Certified Public Accountant, as Special Master to make such accounting, hear the parties and report to the Court. The report of the Master was filed November 7, 1955. Plaintiffs have moved to confirm the report but the defendant has filed certain objections, which came on for hearing before the undersigned judge.

After the commencement of the action and pending hearing on the motion a meeting of the directors was held on April 12, at the call of President William L. Baker, at which meeting all directors were present, consisting of the defendant Baker and wife, and the plaintiff A. M. Spaeth. A resolution was passed in substance as follows, with Directors William L. and Juliet Baker voting for and Director A. M. Spaeth voting against the adoption of each item:

Floyd O. Davidson, Ketchikan, Alaska, for plaintiffs.

W. C. Stump, of Stump & Bailey, Ketchikan, Alaska, for defendants.

HODGE, District Judge.

This is an action by plaintiffs as minority stockholders of The Journal Printing Company against the defendants William L. Baker and wife as majority stockholders and directors of the corporation and against the corporation, alleging misappropriation of funds of the corporation to the extent of $19,506.-92, for an accounting, and praying that defendant William L. Baker be directed to pay over to the corporation all dam-

1. That the annual salary of William L. Baker be increased from $500.00 per month to $1,000.00 per month effective October 1, 1954.

2. That an allowance be made to the President in the sum of $2,000.00 accumulated vacation pay.

3. That the sum of $19,500.00 be accepted subject to future audit, as the amount of advances to William L. Baker and that there be deducted therefrom the sum of $4,200.00 as interest charges pending audit, and the sum of $2,000.00 for vacation pay, plus $500.00 a month salary increase since October 1, 1954, leaving a total of $10,300.00 due under said account subject to correction as herein contained.

4. That the corporation declare a dividend of all stockholders of record in accordance with the by-laws of the corporation, in the amount of $10,000.00, payable during the month of April, 1955.

A further provision of the resolution with which Director Spaeth concurred was that the matter of repayment of interest due the corporation by the president on money advances be ascertained by Mr. Johnson before claim is made therefor and that a full audit be made as to the correctness of the advances shown on the records of the company.

It is observed that in allowing the retroactive double increase in Baker's salary, neither the resolution nor the minutes of the meeting designate whether such salary was for the services of the defendant Baker as president or as an employee of the corporation. It is admitted in the pleadings that Baker had direct charge and supervision of the affairs of the corporation, and conceded by the briefs that he is also editor and publisher of a daily newspaper published by the corporation, and general manager. "Accumulated vacation pay" is expressly granted to Baker as "President."

The Master in his report found "loans" (or advances) to Baker covering a period of 8 years totaling $69,473.61, against which is credited cash repayments, officer's salary and officer's bonuses granted 1948 to 1953, amounting to $55,221.87, leaving a balance owing to the company by Baker as of September 30, 1955, of $14,251.74 (Schedule 8). To this is added accrued interest on balances at 8% per annum amounting to $4,943.92 (Schedule 12). Baker's salary is figured at $6,000.00 per annum (Schedule 10). Baker and wife are shown to own a controlling interest (53.017%) of the capital stock of the corporation (Schedule 7).

Defendant's objections to the report are that the Master erred in the following particulars:

1. Failing to give credit to Baker in one-half of the sum of $5,710.65 of a judgment against The Journal Printing Co. and William L. Baker paid by the defendant Baker. This judgment is mentioned by the Master in his report under the heading of "Contingent Liabilities," noting that the company, Baker, and one Bowman were adjudged jointly and severally liable in the total amount of $5,710.65 as a result of a libel action in this court; and that Baker paid the judgment from his own funds "for and on behalf of himself and the other defendants in the action." No amount is credited to Baker by reason of such payment.

2. Charging the sum of $4,943.92 in interest against Baker.

3. Failing to credit the defendant Baker with an additional sum of $500.00 on repayments made.

4. Failing to give credit to Baker in the amount of $7,000.00 for the additional salary voted by the directors at the meeting of April 12, 1955.

5. Failing to give credit to Baker in the sum of $2,000.00 in accumulated vacation pay voted at such meeting.

These objections will be considered in the order named.

 1. No issue is raised by the pleadings concerning the matter of contribution upon the judgment in the libel action; nor is such question raised in the briefs of the parties except that plaintiffs in their brief suggest that the

judgment is joint and several among three parties defendant and that the corporation would in any event need to pay one-third only by way of contribution, "if at all"; and also submit that this question is not properly raised. No authorities are submitted on this point.

By statute in Alaska contribution among joint judgment debtors is provided after execution only where one pays more than his "due proportion" of the judgment. Sec. 55–9–92, A.C.L.A. This statute is not applicable where no apportionment of damages is made or may be made, as against joint tort-feasors. 52 Am.Jur., Torts, Sec. 123, p. 458. Generally, at common law, contribution may not be enforced by one party paying the judgment as a joint tort-feasor against others where the parties are "in pari delicto." This rule is not one of universal application and is subject to limitations and exceptions resting upon the circumstances of the case. It is said that the true test is that "Are the parties, amongst themselves, wrongdoers?" Under this rule a person who has discharged a tort claim to which he and others were subject may be entitled to indemnity or contribution from the others if not barred by the wrongful nature of his own conduct; or, as otherwise stated, the law will not refuse aid in allowing contribution when the claimant is not charged with knowledge that his act was wrongful. 13 Am.Jur., Contribution, Secs. 39–47, pp. 37–44, Secs. 50–52, pp. 48–50; Restatement of the Law, Restitution, Secs. 86–88, pp. 389–396.

In the absence of any evidence touching upon this important question of fact, I am unable to pass upon this collateral question; and unless and until this issue is properly presented the report of the Master must be approved.

■ 2. No authorities are cited by either party on the question of interest charges fixed by the Master. In his report the Master states that interest is not specifically authorized by the Board of Directors or in the minutes, but has been charged "as a matter of customary business practice." There is no indication of any demand made for such interest or when the debt evidenced by the advances was to become due. By statute in Alaska interest is allowed at the legal rate on all moneys after the same become due. Sec. 25–1–1, A.C.L.A.; New York Alaska Gold Dredging Co. v. Walbridge, 9 Cir., 38 F.2d 199. A mere loan without a stipulation as to interest where no wrongdoing is shown in obtaining it (as admitted by the pleadings on plaintiffs' motion for summary judgment) or default in retaining it (not shown of record) is held not to carry interest. 30 Am.Jur., Interest, Sec. 7, p. 10. Moreover, interest may not be allowed at 8% in the absence of contract but only at 6% on past due accounts. Sec. 25–1–1, supra.

Interest charges therefore may not be allowed except that interest at 6% per annum may be charged against the defendant Baker on the balance due from the date of filing the Master's report, that is November 7, 1955.

3. The failure of the Master to credit an additional payment of $500 made by Baker on April 6, 1949, which had not been previously verified, is corrected and allowed by the Master in his supplemental report of December 14, 1955.

■ 4. By the clear weight of authority bonuses cannot be granted to officers and directors of a corporation, at least against the protest of any stockholder, for compensation for services already rendered, or by way of increased compensation for services already rendered for a prescribed amount; and a corporation may not, against the protest of a stockholder, grant such awards which have no relation to the value of services rendered. 13 Am. Jur., Corporations, Sec. 1037, p. 982; Annotations 40 A.L.R. 1432; 88 A.L.R. 754; 164 A.L.R. 1133; Rogers v. Hill, 289 U.S. 582, 53 S.Ct. 731, 77 L.Ed. 1385, 88 A.L.R. 744; Boyum v. Johnson, 8 Cir., 127 F.2d 491.

■ A more difficult question arises where the officer is also an employee of

the corporation. Generally the granting of a bonus to employees under the head of payment for long and faithful services past rendered is not ultra vires where properly awarded. But such power must be exercised reasonably, as by way of participation in profits, or in recognition of a prosperous business, or when made for the purpose of advancing the interests of the company by promoting the loyalty and efficiency of the employees; and must be fair and free from fraud. Annotations 40 A.L.R. 1424; 88 A.L.R. 752; 164 A.L.R. 1126.

The case of Richardson v. Blue Grass Mining Co., D.C., 29 F.Supp. 658, affirmed 6 Cir., 127 F.2d 291, certiorari denied 317 U.S. 639, 63 S.Ct. 30, 87 L.Ed. 515, wherein it is held upon the report of an auditor that credit entered on the books of the company in favor of certain employees of sums in addition to fixed salaries awarded in the nature of a bonus for past services was ultra vires and void, is most decisive of the issue here. The opinion states at page 668, as follows:

"It is not within the power of officers or agents of a corporation to thus give away corporate assets. In the absence of a showing of formal action by stockholders authorizing such payment and a further showing of a valid contract providing for such payment upon a basis having a proper relation to the value of the service for which it is given, a bonus for past services constitutes an unlawful dissipation of corporate assets for which the managing officers are responsible to the corporation."

See also Balch v. Investors' Royalty Co., D.C., 7 F.Supp. 420, where it is held that issuance of a large block of stock by order of the directors to the president and general manager of the corporation who at all times drew a salary was unwarranted and void.

Defendant relies upon the case of Putnam v. Juvenile Shoe Corp., 307 Mo. 74, 269 S.W. 593, 40 A.L.R. 1412, wherein the directors of the corporation had voted a bonus to certain officers who were also employees of the corporation, and a minority stockholder filed an action asking that such be set aside. In this case, however, it is expressly held that a stockholders' ratification of such action after bringing the suit but before final decision was binding on the plaintiff; and that such payment in itself did not constitute a fraud on dissenting stockholders "when appropriately authorized." It also appears from such decision that the bonus was paid the officers and employees upon a previous understanding that such would be paid if the corporation became prosperous; also that the amount paid was reasonable and that there was no fraud. This decision is not decisive here for no such stockholders' ratification appears, nor any such previous understanding.

■ Defendant contends that such additional salary was justified as an adjustment of inadequate salary previously allowed Baker, but there was no showing that the amount awarded was reasonable in amount or not grossly disproportionate to the services rendered so as to justify the conclusion that the directors acted in good faith. Neff v. Gas & Electric Shop, 232 Ky. 66, 22 S.W.2d 265. Neither could such award be justified upon the theory of profit participation, for the Master's report shows that the company had no net profits since 1953 and in fact a net loss in 1955 of $6,795.25 (Schedule 2).

■■ I am cited no cases and find none in which the question of whether or not the action of the directors after the commencement of this suit was evidence of bad faith, but am persuaded that in view of the circumstances in this case the resolution of the majority of the directors for the obvious purpose of avoiding the debt owing by its majority stockholder to the corporation was not made in good faith nor for any benefit to the corporation and was neither reasonable nor justifiable. The directors occupy a fiduciary relation to the corporation and its stockholders, and to al-

low such large credit against the claim of minority stockholders in the manner shown by the record here was clearly a breach of this trust. Balch v. Investors' Royalty Co., supra.

5. In the same manner the award by the directors of "accumulated vacation pay" was clearly an unauthorized gratuity and is void.

No objection is made by defendant to the fact that the Master failed to recognize the "dividends" awarded the stockholders at the directors' meeting, from which it is assumed that defendant correctly conceded that no such dividends may be awarded except from net profits of the business, of which there were none. Sec. 36–1–93, A.C.L.A.

No objection is made to the finding of the Master as to the balance owing by the defendant Baker to the corporation on account of advances made, which finding is binding upon both parties.

The report of the Special Master as corrected is approved and confirmed except for the matter of interest charges. Judgment may be entered in favor of the defendant corporation and against the defendant William L. Baker in the sum of $13,751.74 with interest thereon at 6% per annum from November 7, 1955 until paid, together with plaintiffs' costs and disbursements and an attorney's fee in accordance with Rule 45, District Court Rules. In accordance with the prayer of the defendant, execution may be stayed upon such judgment pending satisfactory arrangements made between the defendant Baker and the directors, with approval of the plaintiffs, for payment in such installments as may appear fair and reasonable in view of the circumstances of the defendant.

Finally, defendant requests that the cost of the Special Master's fee be charged equally amongst all parties to this action. This report covers in considerable detail other matters not actually called for by the Order of Reference, but all of it including such additional matters appears to be of benefit to the corporation as well as the plaintiffs, and

such accounting was ordered at the request of all parties. Therefore it seems proper that the expense of the Master's fee be divided equally amongst the three parties, and it is so ordered.